IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES WATSON | § | |
| v. | § | CIVIL ACTION NO. 6:12-CV-315 |
| MICHAEL, J, ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains the findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the complaint be dismissed. Plaintiff filed written objections to the Report and Recommendation on October 8, 2013.[1] The Government has not filed objections or responses.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.[2]

---

[1] On October 9, 2013, an order signed by the Chief Judge of the Eastern District of Texas was entered in this case reflecting that all civil cases pending wherein the United States or an agency, corporation, officer or employee of the United States is a party are stayed. General Order 13-19 stated that "all such cases are stayed until such time as an appropriations bill or a continuing resolution is enacted restoring funding to the Department of Justice". Funding to the Department of Justice was restored on October 18, 2013, and, by wording of the order, the stay was self-lifted.

[2] Following the denial of this claim, Plaintiff filed a subsequent application for benefits. The subsequent claim was approved with an onset date of November 1, 2011. In this appeal, Plaintiff seeks reversal and remand relating to the ALJ decision dated May 5, 2011. Any remand ordered would address the period from the original onset date of September 19, 2008 through October 31, 2011.

Plaintiff contends in his objections that "the ALJ did not find sleep apnea was a severe impairment because he failed in his duty to develop the record and applied the incorrect severity standard when making his decision". *See Plaintiff's Objections* at 1.

**The ALJ's Duty to Develop the Record**

Plaintiff argues in the objections that "[A]lthough the Magistrate Judge recognized Watson's failure-to-develop argument, the Magistrate Judge never ruled on the error". *See Plaintiff's Objections* at 2. Plaintiff further argues that "the evidence can only support the ALJ's assessment if he has fully and fairly developed the evidence by probing conscientiously for all the relevant information—because the ALJ cannot make an informed decision without sufficient facts". *See Plaintiff's Objections* at 2. Plaintiff also points out that "the evidence before the ALJ did not include the sleep study later submitted to the Appeals Council." *Id*. Plaintiff's argument fails for the reasons detailed in the Report and Recommendation, and as explained again here.

The evidence in the record does not establish that there were unresolved areas regarding sleep apnea. Plaintiff submitted additional evidence to the Appeals Council regarding his sleep apnea. The regulations provide a claimant the opportunity to submit new and material evidence to the Appeals Council for consideration when deciding whether to grant a request for review of an ALJ's decision. 20 C.F.R § 404.970(b). The Appeals Council received, admitted, and considered the new evidence submitted by the Plaintiff. The Appeals Council determined that the newly submitted evidence did not provide a basis for changing the ALJ's decision *See* Tr.at 9, 11-12, 314-73.

Substantial evidence supports the Appeals Council's determination. In *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005), the Fifth Circuit stated, "If additional evidence is presented while the case is pending review by the Appeals Council, courts of appeals customarily review the record as a whole, including the new evidence, in order to determine whether the Commissioner's

findings are still supported by substantial evidence." *Id.* at 337. A court should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported. *Higginbotham v. Barnhart*, 163 F. Appx. 279, 281-82 (5th Cir. 2006). The ALJ's decision is sufficiently supported in this case. Plaintiff falls short of establishing harm that rises to the level of reversible error.

**The ALJ's Severity Standard**

Plaintiff also contends that the ALJ applied the incorrect legal standard for severity. *See Plaintiff's Objections* at 1. Plaintiff, however, did not develop this argument further in the objections besides this statement. Therefore, Plaintiff has waived this argument. *United States v. Green*, 508 F.3d 195, 203 (5th Cir. 2007) (claim asserted in a single sentence at end of appellant's opening brief, without further elaboration, was deemed waived for inadequate briefing); *United States v. Luciano-Rodriguez*, 442 F.3d 320, 322 n.5 (5th Cir. 2006) (government argument, made only in a single bare assertion in a footnote in its brief, was waived by inadequate briefing).[3]

It is well established that the "Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.1995). Plaintiff cannot meet this standard and his objections are

---

[3]Plaintiff stated in the PSR objections that he incorporated "by reference *Plaintiff's Opening Brief,* Doc. #13 (filed November 20, 2012) and *Plaintiff's Reply Brief,* Doc. #18 (filed January 25, 2013). *See* Plaintiff's Objections at p.1. This sentence is insufficient under Fifth Circuit precedent to preserve the argument. *See Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394 n.10 (5th Cir. 2001) (issue waived where brief merely adopts and incorporates by reference arguments presented below); *Rutherford v. Harris County, Texas*, 197 F.3d 173, 193 & n.24 (5th Cir. 1999) (questions posed for appellate review but inadequately briefed are abandoned); *Nichols v. Scott*, 69 F.3d 1255, 1287 n.67 (5th Cir.1995) (a conclusory assertion is not presented for review when it is accompanied by no "explanation, argument, or citation of authority"); *United States v. Tomblin*, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995) (brief must contain a legal argument that indicates the basis for each contention).

without merit. There is substantial evidence in the record supporting the Commissioner's finding that Plaintiff was not disabled as defined in the Social Security Act during the relevant time period. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that the complaint is hereby **DISMISSED** with **PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 17th day of December, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE